NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOSEPH TREXLER, *et al.*, | : |
| Plaintiffs, | : Civil No. 20-06983 (RBK/AMD) |
| v. | : **OPINION** |
| DODGE CITY, INC. d/b/a DODGE CHRYSLER JEEP CITY, FCA US LLC, *et al.*, | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court upon (1) FCA US LLC's Motion to Dismiss (Doc. 8); (2) Dodge City, Inc.'s Motion to Dismiss and Compel Arbitration (Doc. 15); and (3) Huntington National Bank's Motion to Dismiss (Doc. 16). For the reasons stated herein, (1) FCA US LLC's Motion to Dismiss is **GRANTED**; (2) Dodge City, Inc.'s Motion to Dismiss and Compel Arbitration is **DENIED**; and (3) Huntington National Bank's Motion to Dismiss is **GRANTED**.

**I.     BACKGROUND**

This action arises out of a dispute over the purchase and financing of a used motor vehicle. Plaintiffs are Joseph and Carolyn Trexler. (Doc. 1, "Compl." ¶2.) During an internet search, Plaintiffs visited Defendant Dodge City's website, which advertised a Certified Pre-Owned 2016 Jeep Cherokee Trailhawk 4WD ("2016 Jeep Cherokee") at a sale price of $23,595. (Compl. ¶11.) Plaintiffs went to Dodge City's dealership to purchase the 2016 Jeep Cherokee. (Compl. ¶12.) Upon approval, Defendant Dodge City presented Plaintiffs with a contract for sale listing the price

1

of the 2016 Jeep Cherokee at $26,500. (Compl. ¶13.) Despite the difference in price between the website and the contract, Plaintiffs purchased the 2016 Jeep Cherokee for $26,500. (Compl. ¶15.) Plaintiffs paid $1,495 upfront and financed the remaining amount through Defendant Dodge City. (Compl. ¶15.) Plaintiffs allege that Defendant Dodge City obtained institutional financing for Plaintiffs through its credit department, which was initially approved by Ally Bank; however, Defendant Dodge City thereafter changed the lender to Defendant Huntington[1] National Bank ("Huntington"). (Compl. ¶16.) Plaintiff contends that this was done without consent or explanation, and the new loan terms were less favorable to them. (Compl. ¶16.) Plaintiff alleges that Defendant Dodge City provided them with a Certified Pre-Owned Vehicle Warranty issued by Defendant FCA US, which provided that the vehicle was subject to a 125-point check prior to its pre-owned vehicle certification, which included a visible inspection for fluid leaks and clear title. (Compl. ¶17.) Plaintiffs contend that the 2016 Jeep Cherokee did not, in fact, have clear title and had an engine oil leak. (Compl. ¶¶19–20.)

After these events, Plaintiffs filed the present suit. The Complaint—barely five pages long and containing only ten paragraphs with factual allegations—purports to allege several causes of action under two separate counts. Count I alleges (1) violation of the Truth in Lending Act and Regulation Z as to Defendants Dodge City and Huntington Bank and (2) violation of the Magnuson-Moss Warranty Act as to Defendants Dodge City and FCA US. Count II alleges (1) breach of contract; (2) breach of express and implied warranty; (3) common law fraud; (4) violation of the New Jersey Consumer Fraud Act; (5) violation of the New Jersey Plain Language Review Act; and (6) violation of the New Jersey Truth-in-Consumer Contract, Notice and Warranty Act.

---

[1] The Complaint and Opposition erroneously refer to Huntington as "Huntingdon."

Defendant FCA US and Defendant Huntington each filed a motion to dismiss. (Docs. 8, 16.) Defendant Dodge City additionally filed a motion to compel arbitration pursuant to the arbitration agreement in the sales contract. (Doc. 15.) Plaintiffs opposed each motion. (Docs. 19, 20, 21.)

## II.     LEGAL STANDARD

### A. Standard on Motion to Dismiss

When deciding a motion to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the court limits its review to the face of the complaint. *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 835 (3d Cir. 2011). The court must accept as true all well-pleaded factual allegations and must construe them in the light most favorable to the nonmoving party. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). In other words, a complaint is sufficient if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The inquiry is not whether plaintiff will ultimately prevail in a trial on the merits, but whether [he or she] should be afforded an opportunity to offer evidence in support of [his or her] claims." *In re Rockefeller Ctr. Prop., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002). However, legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To determine whether a complaint is plausible on its face, courts conduct a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id*. (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at

3

680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can infer only that a claim is merely possible rather than plausible. *Id*. In deciding a motion to dismiss, the court may rely on "the complaint, attached exhibits, and matters of public record" without converting the motion to one of summary judgment. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

   B.  **Standard on Motion to Compel Arbitration**

On a motion to compel arbitration, the Court must inquire two issues: (1) whether the parties entered into a valid arbitration agreement and (2) whether the dispute at issue falls within the scope of the arbitration agreement. *Century Indem. Co. v. Certain Underwriters at Lloyd's*, 584 F.3d 513, 523 (3d Cir. 2009). "If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." *Id.*; *see also* 9 U.S.C. § 4.

The Third Circuit has established a two-tiered framework for assessing motions to compel arbitration. *See Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013). If the face of the complaint and documents relied on in the complaint clearly show that a party's claim is subject to an enforceable arbitration clause, the Court will use a "Rule 12(b)(6) standard without discovery's delay." *Id*. at 777 (internal citation omitted). The motion to dismiss standard is inappropriate, however, where "either the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity to establish on its face that the parties agreed to arbitrate or the opposing party has come forth with reliable evidence that is more than a mere

4

naked assertion . . . that it did not intend to be bound by the arbitration agreement, even though on the face of the pleadings it appears that it did." *Id*. at 774. In such circumstances, "the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing." *Id*. at 776. After this limited discovery is completed, the court "may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard." *Id*.

### III. DISCUSSION

#### A. Motions to Dismiss

Plaintiffs assert the following claims: (1) violation of the Truth in Lending Act and Regulation Z as to Defendants Dodge City and Huntington Bank; (2) violation of the Magnuson-Moss Warranty Act as to Defendants Dodge City and FCA US; (3) breach of contract; (4) breach of express and implied warranty; (5) common law fraud; (6) violations of the New Jersey Consumer Fraud Act; (7) New Jersey Plain Language Review Act; and (8) violation of the New Jersey Truth-in-Consumer Contract, Notice and Warranty Act. Defendants seek to dismiss each of the claims. Accordingly, the Court addresses each claim in turn.[2]

##### i. Violation of the Truth in Lending Act

Plaintiffs first assert a claim under the Truth in Lending Act ("TILA"). The TILA is intended to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of

---

[2] The Court notes at the outset that Plaintiffs seemingly concede that their Complaint is insufficient. (*See generally* Doc. 21, *"*Opp. to Huntington Mot.*"*) Plaintiffs make no arguments to establish that their Complaint states a claim for any of the numerous purportedly pleaded causes of action. Rather than filing a meaningful opposition brief, Plaintiffs merely ask the Court for the opportunity to file an amended complaint. (Opp. to Huntington Mot. at 4.) "[P]laintiffs who fail to brief their opposition to portions of motions to dismiss do so at the risk of having those parts of the motions to dismiss granted as uncontested." *Bridges v. Colvin*, 136 F. Supp. 3d 620, 630 (E.D. Pa. 2015), *aff'd sub nom.Bridges v. Comm'r Soc. Sec.*,672 F. App'x 162 (3d Cir. 2016).

credit." 15 U.S.C. § 1601(a). Further, "[b]ecause the TILA is a remedial consumer protection statute, . . . it 'should be construed liberally in favor of the consumer.'" *Rossman v. Fleet Bank (R.I.) Nat'l Ass'n,* 280 F.3d 384, 390 (3d Cir.2002) (citation omitted). To achieve this end, the statute "requires creditors to provide borrowers with clear and accurate disclosures of terms," *Beach v. Ocwen Fed. Bank,* 523 U.S. 410, 412 (1998), and imposes strict liability on creditors who fail this mandate, *see* 15 U.S.C. § 1640(a) ("[A]ny creditor who fails to comply with any requirement imposed under this part . . . with respect to any person is liable to such person."). The TILA also authorizes the Federal Reserve Board to promulgate regulations to implement the statute, which the Board did with Regulation Z. 15 U.S.C. § 1604; 12 C.F.R. §§ 226.1 *et seq.* (2008). Together, TILA and Regulation Z require lenders to make a series of material disclosures to borrowers for transactions that do not involve a continuing line of credit, such as Plaintiffs' loan with Defendants. *See* 15 U.S.C. § 1638 (listing required disclosures); 12 C.F.R. §§ 226.17, 226.18 (requiring disclosures).

In order to state a claim for a TILA violation under federal pleading standards, a plaintiff must state "with requisite specificity which charges and fees were not properly disclosed and why certain charges and fees are not bona fide and are unreasonable in amount." *Payan v. GreenPoint Mortg. Funding, Inc.*, 681 F. Supp. 2d 564 (D.N.J. 2010). Without more, such assertions are merely "'bald assertions'" and "'legal conclusions'" without any factual support. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1429–30 (3d Cir. 1997); *see Iqbal,* 129 S. Ct. at 1949 (noting that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to sustain the alleged claim against a motion to dismiss).

A cursory review of Plaintiffs' Complaint demonstrates that it fails to satisfy federal pleading standards regarding the TILA claim. Plaintiffs plead that Defendants Dodge City and

Huntington are creditors (Compl. ¶22), and they generally failed to properly deliver documentation and disclosures required by TILA and Regulation Z. (Compl. ¶23). However, these are the only allegations against Dodge City and Huntingdon Bank in support of the TILA claim. Plaintiffs do not plead any additional factual support, nor do they identify what specific disclosures were inaccurate or what required information was omitted. Without more, the parties are left without notice of the claims against them, and the Court is left without a basis to determine the viability of Plaintiffs' claims. Accordingly, the motion to dismiss the TILA claim is **GRANTED**, and the claim will be dismissed **WITHOUT PREJUDICE**.

### ii. Breach of Contract

Plaintiffs next plead a claim for breach of contract against all Defendants. Under New Jersey law, to state a claim for breach of contract, a plaintiff must plead that (1) the parties entered into a valid contract; (2) the defendant failed to perform its contractual obligation; and (3) as a result, the plaintiff sustained damages. *Sheet Metal Workers Int'l Ass'n Local Union No. 27, AFL–CIO v. E.P. Donnelly, Inc.,* 737 F.3d 879, 900 (3d Cir. 2013) (citing *Coyle v. Englander's,* 488 A.2d 1083 (N.J. Super. Ct. App. Div. 1985)). To establish that a valid contract exists, a plaintiff must plead the following: (1) a meeting of the minds; (2) an offer and acceptance; (3) consideration; and (4) reasonably certain contract terms. *See id.*

Defendant FCA US argues that "plaintiffs have not identified the contract between plaintiffs and FCA US that allegedly gives rise to the cause of action[.]" (FCA Mot. at 9.) Similarly, Defendant Huntington argues that the "Complaint does not allege what Huntington did to breach any of its obligations." (Huntington Mot. at 10.) The Court agrees. Plaintiffs purport to assert seven different claims against all Defendants in a single paragraph of the Complaint. The breach of contract cause of action appears in this same paragraph. Plaintiffs do not allege any facts

7

in support of the breach of contract claim, nor do they explain how Defendant FCA US or Defendant Huntington breached any such contract. As to Defendant FCA US, Plaintiffs' only factual allegation is that Defendant FCA US issued a Certified Pre-Owned Vehicle Warranty. (Compl. ¶17.) As to Defendant Huntington, Plaintiffs' only factual allegation is that "Defendant Dodge City thereafter changed the lender to Defendant Huntingdon [sic] Bank, without consent or explanation to Plaintiff[.]" (Compl. ¶16.) These allegations, without more, do not state a claim for breach of contract. It is unclear what contract has been breached, what each parties' supposed obligations were, or even whether a valid contract existed at all. Moreover, the Court cannot discern from Plaintiffs' threadbare recitals what role Huntington and FCA US played in any breach of contract. Accordingly, the breach of contract claim is **DISMISSED WITHOUT PREJUDICE**.

### iii. Breach of Warranty

Plaintiffs additionally plead a claim for breach of implied warranty and breach of express warranty. Under New Jersey law, to state a claim for breach of express warranty, "Plaintiffs must properly allege[] (1) that Defendant[s] made an affirmation, promise or description about the product; (2) that this affirmation, promise or description became part of the basis of the bargain for the product; and (3) that the product ultimately did not conform to the affirmation, promise or description." *Snyder v. Farnam Cos., Inc.*, 792 F. Supp. 2d 712, 721 (D.N.J. 2011) (citing N.J.S.A. § 12A:2–313) (other internal citation omitted); *see also Liberty Lincoln–Mercury, Inc. v. Ford Motor Co.,* 171 F.3d 818, 824 (3d Cir. 1999). Under New Jersey law, to state a claim for breach of implied warranty, a plaintiff must allege that the product it purchased did not satisfy the implied warranty of merchantability. *Dzielak v. Whirlpool Corp.*, 26 F. Supp. 3d 305, 311 (D.N.J. 2014). Under the Uniform Commercial Code, as adopted by New Jersey, an implied warranty of merchantability is "a warranty that the goods shall be merchantable [and] is implied in a contract

8

for their sale if the seller is a merchant with respect to goods of that kind." N.J.S.A. § 12A:2–314(1). One definition of merchantability is that the goods are "fit for the ordinary purposes for which such goods are used." *Id.* § 12A:2–314(2)(c). A product may be unfit for its ordinary purpose where there are manufacturing defects, design defects, or inadequate instructions for use. *Lieberson v. Johnson & Johnson Consumer Cos., Inc.*, 865 F. Supp. 2d 529, 542 (D.N.J. 2011).

Defendant Huntington argues that the breach of warranty claims should be dismissed because the "Complaint [does not] plead facts to show that Huntington made any warranty, much less what Huntington did to breach it." (Huntington Mot. at 10.) Similarly, Defendant FCA US argues that Plaintiffs "have not identified the manner in which FCA US allegedly violated any such . . . warranty[.]" (FCA Mot. at 9.) The Court agrees. The extent of Plaintiffs allegations as to FCA US and Huntington National Bank are articulated above in the breach of contract analysis. Plaintiffs do not plead any of the essential factual allegations to support a claim for breach of express or breach of implied warranty under New Jersey law. Therefore, for the same reasons articulated above, the claim for breach of warranty is **DISMISSED WITHOUT PREJUDICE**.

        iv.    **Violation of the Magnuson-Moss Warranty Act**

Plaintiffs next bring a claim for violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*, against Defendants Dodge City and FCA US. (Compl. ¶ 25.) The Magnuson-Moss Warranty Act provides a private right of action in federal court for consumers who are "damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation . . . under a written warranty, [or] implied warranty." 15 U.S.C. § 2310(d)(1). A Magnuson-Moss Warranty Act claim is coextensive with underlying state law warranty claims. *See Cooper v. Samsung Elecs. Am., Inc.*, 374 Fed. Appx. 250, 254 (3d Cir. 2010). Because the Court has

9

dismissed the state law breach of warranty claim, the Magnuson-Moss claim is similarly **DISMISSED WITHOUT PREJUDICE**.

      v.      **Violation of the New Jersey Consumer Fraud Act**

Plaintiffs next assert a claim under the New Jersey Consumer Fraud Act ("CFA"). To state a prima facie case under the CFA, a plaintiff must demonstrate three elements: (1) unlawful conduct by the defendant; (2) an ascertainable loss by the plaintiff; and (3) a causal connection between the defendant's unlawful conduct and the plaintiff's ascertainable loss. *Bosland v. Warnock Dodge, Inc.*, 964 A.2d 741, 749 (N.J. 2009). Regarding the second element, the plaintiff must show that he or she has "suffer[ed] a definite, certain and measurable loss, rather than one that is merely theoretical." *Id.*; *see Weinberg v. Sprint Corp.,* 801 A.2d 281, 283 (N.J. 2002) ("[T]o have standing under the [CFA] a private party must plead a claim of ascertainable loss that is capable of surviving a motion for summary judgment."). Further, when the alleged misconduct consists of an omission, the plaintiff must also demonstrate the defendant's intent. *See Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 462 (N.J. 1994).

In their Complaint, Plaintiffs do not identify any particular facts in support of their CFA claim nor do they plead the elements of a CFA claim. Rather, Plaintiffs merely assert that "[t]he acts/ommissions of Defendants constituted . . . violations of the New Jersey Consumer Fraud Act[.]" (Compl. ¶27.) This is insufficient to state a claim under the CFA. Without more, Defendants are left without adequate notice of the claims against them. Accordingly, the CFA claim is **DISMISSED WITHOUT PREJUDICE**.

      vi.      **Common Law Fraud**

Plaintiffs next plead a claim for common law fraud. As Defendants correctly note, fraud claims are subject to heightened pleading requirements. Federal Rule of Civil Procedure 9(b)

provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." To satisfy Rule 9(b)'s particularity requirement, a plaintiff must: (1) "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which [it is] charged"; and (2) "plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (internal citations omitted).

As with Plaintiffs' other claims, Plaintiffs fail to plead a claim for fraud. Plaintiffs do not plead any factual allegations in support of this claim, let alone sufficient factual allegations to satisfy the heightened pleading standards for a fraud claim. Accordingly, the fraud claim is **DISMISSED WITHOUT PREJUDICE**.

      vii.    **Violation of the New Jersey Plain Language Review Act**

Plaintiffs next seek to recover under the New Jersey Plain Language Review Act. The New Jersey Plain Language Act requires that a "consumer contract" must be "written in a simple, clear, understandable and easily readable way." *See* N.J.S.A. 56:12–2. Plaintiffs do not articulate what contract they believe violates the Plain Language Review Act, nor do they plead what terms were not written in a simple, clear, and understandable manner. Accordingly, Plaintiffs do not state a claim, and this cause of action is **DISMISSED WITHOUT PREJUDICE**.

      viii.    **Violation of the New Jersey Truth in Consumer Contract, Notice and Warranty Act**

Last, Plaintiffs seek to recover under the New Jersey Truth in Consumer Contract, Notice and Warranty Act ("TCCWNA"). The TCCWNA provides in relevant part:

11

> No seller, lessor, creditor, lender or bailee shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign after the effective date of this act which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed.

N.J.S.A. 56:12–15. As with Plaintiffs' other claims, Plaintiffs fail to state a claim under the TCCWNA. Plaintiffs do not articulate what right has been violated or what contract violates such right. Without articulating some basis for liability, the Court cannot discern what Plaintiffs' claims are. Accordingly, the claim is **DISMISSED WITHOUT PREDJUDICE**.

### B. Leave to Amend

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips,* 515 F.3d at 245 (citing *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir. 2004)). Indeed, even when "a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002). Because the Court finds that Plaintiffs may be able to cure some of the pleading deficiencies identified above, the Court will grant Plaintiffs an opportunity to seek leave to amend their Complaint within fourteen days of the date of this Opinion and accompanying Order.

### C. Motion to Compel Arbitration

Defendant Dodge City asserts that Plaintiffs executed an Arbitration Agreement contained in the Motor Vehicle Retail Order which requires Plaintiffs to arbitrate these claims. (Dodge City Mot. at 3.) However, the plain language of the Arbitration Agreement states as follows: "There are no limitations on the type of claims that must be arbitrated, except for New Car Lemon Law and

Magnuson-Moss Warranty Act Claims which are excluded from arbitration under this agreement." (Dodge City Mot. Ex. A at 1.) Plaintiffs assert a claim under the Magnuson-Moss Warranty Act against Defendants. Accordingly, Plaintiffs' claims, at least in part, are not covered by the mandatory Arbitration Agreement. However, the Court has found that Plaintiffs have failed to state a claim for violation of the Magnuson-Moss Warranty Act. *See supra* Part A iv. As such, the Court dismissed the claim, without prejudice. Because the dismissal was without prejudice, Plaintiffs could potentially replead their Magnuson-Moss Warranty claim. If so, Plaintiffs' claims may fall outside the scope of the Arbitration Agreement. Thus, the Court declines to rule on the issue of arbitrability at this time. This decision does not affect Defendants' ability to re-raise this issue if Plaintiffs fail to adequately replead their Magnuson-Moss Warranty claim.

## IV.   CONCLUSION

For the reasons contained herein, (1) FCA US LLC's Motion to Dismiss is **GRANTED**; (2) Dodge City, Inc.'s Motion to Dismiss and Compel Arbitration is **DENIED**; and (3) Huntington National Bank's Motion to Dismiss is **GRANTED**. An accompanying Order shall issue.

Dated: 2/26/2021 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge